IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAUL J CRUIKSHANK,<br><br>          Plaintiff,<br><br>v.<br><br>C/O DUFFY,<br>SGT MACKINSY,<br>LT RANSOM,<br>NURSE ANGELA, and<br>DAVID MITCHELL,<br><br>          Defendants. | Case No. 25-cv-00002-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Paul Cruikshank, an inmate in the custody of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Pinckneyville Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. §1983 for alleged deprivations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

## THE COMPLAINT

Plaintiff alleges the following: In August 2023, Plaintiff informed Correctional Officer Duffy, Sergeant Mackinsy, and Lieutenant Ransom that there were bugs crawling around in his cell. (Doc. 1, p. 7). He asked the officers to submit a work order for exterminators to come and spray his cell. Plaintiff's requests were denied. Not long after Plaintiff spoke with the officers, a

bug crawled into his ear, causing bleeding and serious pain. Plaintiff had to wait almost two months for an appointment at the healthcare unit to be seen for the bug in his ear. During the removal procedure, Nurse Angela used a metal tool and started "blindly…poking around" in Plaintiff's ear, causing severe pain and poking his ear drum. Because of the procedure, Plaintiff has since suffered from hearing loss.

### DISCUSSION

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following counts:

> **Count 1:** Eighth Amendment claim against Duffy, Mackinsy, and Ransom for subjecting Plaintiff to unconstitutional conditions of confinement.
>
> **Count 2:** Eighth Amendment claim against Nurse Angela for damaging Plaintiff's hearing when trying to remove the bug from his ear.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

Plaintiff has sufficiently stated facts to support an Eighth Amendment claim against Defendants Duffy, Mackinsy, and Ransom. Count 1 survives preliminary review.

Count 2, however, will be dismissed against Nurse Angela. Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea,* 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate

---

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

indifference to his medical needs. *Id*. The conduct attributed to Nurse Angela does not amount to deliberate indifference. Plaintiff states that during the removal procedure, Nurse Angela caused him pain and poked his ear drum, which damaged his hearing. At most, Nurse Angela may have been negligent in the manner in which she attempted to remove the bug from Plaintiff's ear, but negligence even gross negligence does not support a claim for deliberate indifference. *See Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). Accordingly, Count 2 is dismissed.

As Plaintiff does not assert any allegations against the former warden, David Mitchell, in the Complaint, all claims against Mitchell are dismissed. FED. R. CIV. P. 8(a)(2); *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

## MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a motion asking the Court to recruit counsel on his behalf. (Doc. 3). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two-part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007).

Although Plaintiff has demonstrated reasonable efforts to locate counsel on his own without success, the Court is not persuaded that he requires court-recruited counsel to assist him at this time. Plaintiff identifies a single impediment to self-representation, not knowing the law. Plaintiff's limited knowledge of the law is not unique to him as a pro se litigant and does not necessarily warrant recruitment of counsel at this time. Plaintiff has come college education, has successfully prepared a Complaint that survived screening, and has demonstrated an ability to construct coherent sentences and relay information to the Court. This straightforward case is

currently proceeding on a single claim and given the early stage of litigation, it is difficult to accurately evaluate the need for assistance of counsel. Should his situation change as the case proceeds, Plaintiff may file another motion setting forth all facts that support his request for relief.

### DISPOSITION

For the reasons set forth above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** shall proceed against Duffy, Mackinsy, and Ransom. **COUNT 2** is dismissed. Because there are no surviving claims against Nurse Angela and David Mitchell, they shall be **TERMINATED** as defendants on the docket.

The Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Defendants Duffy, Mackinsy, and Ransom the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the

Clerk.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   June 17, 2025**

                                         *s/Stephen P. McGlynn*
                                         **STEPHEN P. MCGLYNN**
                                         **United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.